UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 19-20512-CIV-COOKE

MSP RECOVERY CLAIMS, SERIES LLC,
a Delaware series limited liability company,
MSPA CLAIMS 1, LLC,
a Florida limited liability company, and
SERIES PMPI, a designated series of
MAO-MSO RECOVERY II LLC,
a Delaware series limited liability company,

    Plaintiffs,

vs.

ESURANCE PROPERTY & CASUALTY
INSURANCE COMPANY and
ESURANCE INSURANCE COMPANY,

    Defendants.
_____/

## ORDER REMANDING CASE

THIS MATTER comes before the Court on Plaintiffs' Motion to Remand to State Court. ECF No. 3. Plaintiffs brought a state court Complaint for Pure Bill of Discovery on December 20, 2018. ECF No. 1-9, at pp. 4–30. On February 7, 2019, Defendants filed a Notice of Removal seeking to remove this action from the Circuit Court for the Eleventh Judicial Circuit in and for Miami-Dade County, based on diversity of citizenship as permitted by 28 U.S.C. § 1332.[1] ECF No. 1. In their Notice of Removal, Defendants argue that the amount in controversy in this action exceeds the jurisdictional threshold of $75,000. *Id.* at pp. 8–18. Plaintiffs disagree and move to remand to state court.

In this action, Plaintiffs "seek[] equitable relief, in the form of information, and not monetary relief, in anticipation of an action that [Plaintiffs] may or may not bring in the

---

[1] Federal courts may exercise diversity jurisdiction over actions where: 1) there is complete diversity of citizenship between the parties as laid out in the statute, and 2) the amount in controversy exceeds $75,000. 28 U.S.C. § 1332(a). Because "[f]ederal courts are courts of limited jurisdiction, . . . all uncertainties as to removal jurisdiction are to be resolved in favor of remand." *Russell Corp. v. Am. Home Assur. Co.*, 264 F.3d 1040, 1050 (11th Cir. 2001).

indefinite future." ECF No. 3, at pp. 4–5. Defendants have failed to convince the Court that the value of this information exceeds $75,000. While the value of the requested discovery is "the monetary value of the benefit that would flow to [Plaintiffs] if [their] petition was granted," Defendants cannot establish subject-matter jurisdiction by speculating about the hypothetical amount of damages from a possible, future action. *Carr v. Bombardier Aerospace Corp.*, 2010 WL 2220336, at *2 (S.D. Fla. June 3, 2010).

The Court's conclusion is bolstered by the fact that every other court in this jurisdiction has reached the same result when faced with nearly identical facts. *See, e.g.*, *MSP Recovery Claims, Series LLC v. C.R. Bard, Inc.*, No. 18-cv-24511, ECF No. 45 (S.D. Fla. Feb 5, 2019); *MSP Recovery Claims, Series LLC v. Allstate Fire and Cas. Ins. Co.*, No. 19-cv-20426, ECF No. 4 (S.D. Fla. Feb. 4, 2019); *MSP Recovery Claims, Series LLC v. Alere, Inc.*, No. 18-cv-24703, ECF No. 30 (S.D. Fla. Jan. 15, 2019); *MSP Recovery Claims, Series LLC v. Bos. Sci. Corp.*, 2019 WL 180125 (S.D. Fla. Jan. 9, 2019); *MSP Recovery Claims, Series LLC v. Am. Med. Sys., LLC*, No. 18-cv-24497, ECF No. 25 (S.D. Fla. Dec. 21, 2018); *MSP Recovery Claims, Series LLC v. Eli Lilly & Co.*, No. 18-cv-24617, ECF No. 27 (S.D. Fla. Nov. 26, 2018). Though not binding, these decisions explain—and this Court agrees—that the speculative value of the discovery sought prevents Defendants from demonstrating the threshold amount in controversy.

Accordingly, the Court **REMANDS** this case to Florida state court, **DENIES** *as moot* all pending motions, and orders the Clerk to **CLOSE** this case.

**DONE AND ORDERED** in Chambers, at Miami, Florida, this 30th day of May 2019.

MARCIA G. COOKE
United States District Judge

Copies provided to:
*Jonathan Goodman, U.S. Magistrate Judge*
*Counsel of Record*